IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MARY ANN (SHAW) NAWROCKI,

                      Plaintiff,

v.

TARGET CORPORATION-STORES,

                      Defendant.

OPINION & ORDER

18-cv-50-jdp

---

MARY ANN (SHAW) NAWROCKI,

                      Plaintiff,

v.

TARGET CORPORATION-STORES,

                      Defendant.

OPINION & ORDER

18-cv-508-jdp

---

Plaintiff Mary Ann Nawrocki, appearing pro se, has filed the two above-captioned lawsuits in which she names her former employer, Target Corporation, as a defendant.[1] Nawrocki says that she was injured on the job and was wrongfully denied workers compensation benefits, and that Target employees harassed and discriminated against her. The court has already concluded that Nawrocki may proceed *in forma pauperis* with both of these cases without prepaying any amount of the filing fees.

The next step is for the court to screen Nawrocki's complaints and dismiss any portion that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or

---

[1] Nawrocki has also filed a third case, no. 18-cv-51-jdp, seeking judicial review of a determination in a social security benefits proceeding. I will address that case in a separate opinion.

asks for monetary damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. § 1915. In screening any pro se litigant's complaint, I must read the allegations of the complaint generously, *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam), and accept the plaintiff's allegations as true, *Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 463 (7th Cir. 2010).

After reviewing Nawrocki's complaints, I conclude that they violate Federal Rule of Civil Procedure 8. Rule 8(a)(2) requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." Under Rule 8(d), "each allegation must be simple, concise, and direct." The primary purpose of these rules is fair notice. A complaint should be written so that the court and the opposing party can understand what the plaintiff is alleging. *Vicom, Inc. v. Harbridge Merchant Serv's, Inc.*, 20 F.3d 771, 775 (7th Cir. 1994).

Nawrocki's allegations fall far short of these standards. In the "statement of claim" sections of her complaints, she largely asks the reader to refer to the various exhibits she has submitted and a document titled "deposition" that she has attached. But she attaches more than 350 pages of exhibits to her complaint in the '50 case, and the "deposition" document, Dkt. 1-5 in the '50 case, and Dkt. 1-1 in the '508 case, is a 74-page narrative account discussing alleged misdeeds by Target employees, state and federal administrative bodies, officers from the United States District Court for the Eastern District of Wisconsin, and others.

It is unclear why Nawrocki mentions all of these other parties, because she names only Target Corporation as a defendant in each of the complaints. But even if I considered only the allegations against Target, I would conclude that her allegations do not comply with Rule 8. The court and defendant cannot be expected to sort through a stack of documents to determine what her claims are, and Target cannot be expected to file an answer responding to her voluminous materials, or even her 74-page narrative.

So I will dismiss her complaints as they are currently constructed. And I will also dismiss her second case, because at present there does not seem to be any reason for her to have two separate lawsuits against Target—all of her allegations appear to have to do with the same events and same defendant. Under Federal Rule of Civil Procedure 18, a plaintiff generally may join as many unrelated claims as it wishes against a particular defendant. So I will dismiss the '508 case, and Nawrocki will not owe a filing fee for that case.

But I will give her an opportunity to amend her complaint. Nawrocki's next step will be to submit an amended complaint captioned in case no. 18-cv-50-jdp that, by itself, explains her claims against only Target, if she continues to believe that Target should be the only defendant in the case. If she believes that there are other parties who should be added as defendants, she may do that by listing those parties in the caption of the amended complaint. But any defendants she adds to the case must be part of the same events that form the basis of her claims against Target.

Nawrocki should draft her amended complaint as if she were telling a story to people who know nothing about her situation. She should simply state (1) what acts she believes violated her rights; (2) what rights were violated; (3) who committed those acts; and (4) what relief she wants the court to provide. She should not attach any exhibits to the amended complaint: the court is already in possession of her exhibits, and the allegations in her amended complaint should stand alone as her story. To assist defendants in answering her complaint, she should set forth her allegations in separate, numbered paragraphs using short and plain statements.

There are some other problems with her current complaints that Nawrocki should avoid when drafting her amended complaint. Much of what I take Nawrocki to be saying is that she

3

was injured on the job but did not receive as much compensation in her workers compensation case as she believes she is entitled to. But this court cannot review those proceedings. Under the Wisconsin's Worker's Compensation Act, Wis. Stat. Ch. 102, the Labor and Industry Review Commission (LIRC) has exclusive jurisdiction over workers compensation cases. Wisconsin state courts may review LIRC's decisions, but that review process does not constitute a cause of action that may be heard under this federal court's diversity or supplemental jurisdiction. *See Beach v. Owens-Corning Fiberglas Corp.*, 728 F.2d 407, 409 (7th Cir. 1984); *Ivankovic v. Children's Hosp. Health Sys.*, No. 06-C-227, 2007 WL 201056, at *1 (E.D. Wis. Jan. 22, 2007). So in her amended complaint, Nawrocki should leave out allegations supporting only a workers compensation claim.

Nawrocki says that the Eastern District court and the state and federal administrative bodies previously hearing her claims "have been [met] with systematic collaboration, invisible chains of RESTRICTIONS-RESTRAIN[T]S-SUPPRESSION and OPPRESSIONS" and the bodies "have demonstrated (only) malfeasance and continual Racial/Discrimination." Dkt. 1-5 in the '50 case, at 5. This court can hear claims that Nawrocki was discriminated against by *Target*, but she will have to explain what actions Target employees took to discriminate against her and what discriminatory reasons they did so. But there are numerous problems with Nawrocki's allegations that court and administrative officials conspired to harm her.

Nawrocki does not name any of those officials as defendants, so there would be no reason to consider those allegations further. But even if she did name the officials as defendants, the officials are immune from lawsuit where they act in a quasi-judicial capacity or undertake administrative actions pursuant to the explicit direction of a judicial officer. *See, e.g., Snyder v. Nolen*, 380 F.3d 279, 286 (7th Cir. 2004); *Crenshaw v. Bayard*, 180 F.3d 866, 868 (7th Cir.

4

1999); *Kincaid v. Vail*, 969 F.2d 594, 601 (7th Cir. 1992). Finally, mere allegations that officials "conspired" against her are not sufficient; she would need to explain how it is she knows that the officials worked together in harming her. And it is unclear that Nawrocki actually knows that any of these officials conspired to harm her or even acted on their own to harm her. Nawrocki's allegations about the Eastern District clerk of court provide an informative example of the kind of allegations she is making: she alleges that the clerk of court did nothing more than tell her that she could not meet with the judge, a day before her case was dismissed. *See* Dkt. 1-5 in the '50 case, at 7–8. But the clerk does not dismiss cases himself, and the clerk did nothing wrong in restricting her access to the judge. Her allegations are frivolous and do not support her theory that officials are conspiring to harm her. Merely saying that she received an unfavorable ruling from a court or administrative body is not going to support any type of claim against those officials, so she should not include any allegations of this type in her amended complaint.

I caution Nawrocki that her immediate task is to amend her compliant to fix the problems listed above. If she submits an amended complaint that has the same problems, or she fails to submit an amended complaint altogether, I may dismiss the case entirely.

Nawrocki has also filed two motions in the '50 case. She asks for the court to issue a subpoena to physical therapist James Marx to come to court to perform a realignment procedure that she says significantly helped her, but which he will not describe to her. Dkt. 5 and 8 in the '50 case. But this is not the point of the court's subpoena power, or even its power to issue injunctions. Only under the most extreme situations not present here would a court force a particular medical professional to perform specific procedures on a plaintiff. Should this case advance beyond the screening stage, and depending on the claims with which she is

5

allowed to proceed, Nawrocki may be able to use discovery procedures to get Marx to explain his previous treatment. But it is too early to consider that question. For now, Nawrocki's task is to amend her complaint.

Nawrocki has also filed a motion to meet *ex parte* with me, "personal and private," to "add evidence of an important, but sensitive manner." Dkt. 6 in the '50 case. But this simply is not how federal litigation works. While I understand that Nawrocki believes that she has sustained serious injuries, and that her claims may involve medical information concerning sensitive personal matters, the point of litigation is to resolve disputes between opposing parties. I cannot meet wither her alone, without her opponent, so I will deny her motion. And if she seeks to recover money damages for the ways she believes she was harmed, the relevant medical records will be made available to defendants and will be part of the public court record as well. If there are particular sensitive matters that might be part of her medical records that are not actually relevant to her claims in this case, the court will consider sealing or redacting those parts of her records. But it is too early in the case to consider this issue.

Along similar lines, out of an abundance of caution, the clerk of court sealed Nawrocki's motions, Dkt. 5, 6, and 8 in the '50 case. They do not in themselves contain any sensitive information, so I will direct the clerk to unseal those docket entries.

ORDER

IT IS ORDERED that:

1. Plaintiff Mary Ann Nawrocki's complaints in these two cases are DISMISSED under Federal Rule of Civil Rule of Procedure 8.

2. Case no. 18-cv-508-jdp is DISMISSED as duplicative.

3. Plaintiff may have until July 31, 2018, to submit an amended complaint in case no. 18-cv-50-jdp, combining her allegations in both cases, that complies with Rule 8.

4. Plaintiff's motion to subpoena James Marx, Dkt. 5 and 8 in the '50 case, is DENIED.

5. Plaintiff's motion for an *ex parte* meeting, Dkt. 6 in the '50 case, is DENIED.

6. The clerk of court is directed to unseal the above motions.

Entered July 10, 2018.

BY THE COURT:

/s/

_____

JAMES D. PETERSON
District Judge