IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MARY ANN (SHAW) NAWROCKI,

                 Plaintiff,

  v.

TARGET CORPORATION-STORES,

                 Defendant.

OPINION and ORDER

18-cv-50-jdp

---

Plaintiff Mary Ann Nawrocki, appearing pro se, alleges that she was injured at her job at defendant Target Corporation, and that Target employees harassed and discriminated against her based on her race and did not offer her an accommodation for light duty. She brings claims under Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), and Wisconsin defamation law.

Target has filed a motion to dismiss the case. Dkt. 27. Target's main contention is that Nawrocki's Title VII and ADA claims must be dismissed because Nawrocki filed this lawsuit too late after receiving her "right to sue" letter from the United States Equal Employment Opportunity Commission (EEOC). For both Title VII and ADA claims, a plaintiff must file her federal lawsuit within 90 days of receiving the right-to-sue letter. 42 U.S.C. §§ 2000e-5(f)(1); 12117(a); *Prince v. Stewart*, 580 F.3d 571, 574 (7th Cir. 2009).

Target says that the latest that Nawrocki could have been aware of the right-to-sue letter was February 18, 2016, because that is the day that Nawrocki submitted the right-to-sue letter in a lawsuit she filed against Target in the United States District Court for the Eastern District of Wisconsin. *See* Dkt. 1-3 in *Nawrocki v. Target Corp. Stores*, No. 16-cv-198-JPS. That lawsuit

was dismissed without prejudice in May 2016, and Nawrocki later filed her lawsuit in this court on January 23, 2018, well past the 90-day deadline to do so.

In opposing Target's motion, Nawrocki says that the EEOC intentionally mailed her right-to-sue letter to the wrong address. That might explain why she filed her Eastern District lawsuit in 2016 even though the right-to-sue letter is dated November 28, 2014. But that doesn't account for the long delay in filing *this* lawsuit even after she had received the letter. Because Nawrocki failed to meet her 90-day deadline to file her Title VII and ADA claims in this court, I will grant Target's motion to dismiss those claims.

That leaves Nawrocki's Wisconsin-law defamation claim. Nawrocki alleges that while she was employed at Target, fellow employees defamed her by spreading false information that she was a drug addict and an alcoholic. Target argues that this claim should be dismissed because it is barred by the statute of limitations, because Nawrocki failed to adequately plead the elements of the claim, and because the Wisconsin Worker's Compensation Act provides the exclusive remedy for all claims arising out of a person's employment. I need not consider all of these arguments because Nawrocki's claims fail to meet the statute of limitations.

Nawrocki says that Target violated her rights during her employment, from 2004 to 2009. But she filed this lawsuit in 2018, beyond the Wisconsin statute of limitations applying to defamation claims. At the time that the alleged defamatory remarks were made, the applicable statute provided a two-year deadline to file a defamation claim.[1] Wis. Stat. § 893.57; *see also Ladd v. Uecker*, 2010 WI App 28, ¶ 9, 323 Wis. 2d 798, 780 N.W.2d 216 (defamation claims covered by statute of limitations in § 893.57). Because Nawrocki filed her lawsuit well

---

[1] In 2010, the statute of limitations was later extended to three years, but that does not affect the claims in this case.

after the statute of limitations had run on the defamation claim, I will grant Target's motion to dismiss regarding this claim. The entire case will be dismissed.

Nawrocki has filed several other documents asking that the motion to dismiss be denied, explaining further the extent of her injuries, and asking for a worker's compensation case to be opened. I will not consider them further. As I have explained in previous orders, this court has no authority to award plaintiff workers compensation benefits. And regardless the merits of Nawrocki's claims or the extent of her injuries, I must dismiss all of her claims because she filed the lawsuit beyond the deadlines for doing so.

ORDER

IT IS ORDERED that defendant Target Corporation's motion to dismiss the case, Dkt. 27, is GRANTED. The clerk of court is directed to enter judgment for defendant and close this case.

Entered January 8, 2020.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge