IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MARY ANN (SHAW) NAWROCKI,

                Plaintiff,

v.

TARGET CORPORATION-STORES,

                Defendant.

OPINION and ORDER

18-cv-50-jdp

---

Plaintiff Mary Ann Nawrocki, appearing pro se, alleged that she was injured at her job at defendant Target Corporation, and that Target employees harassed and discriminated against her based on her race and did not offer her an accommodation for light duty. She brought claims under Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), and Wisconsin defamation law. I granted Target's motion to dismiss the case because Nawrocki filed this lawsuit too late after receiving her "right to sue" letter from the United States Equal Employment Opportunity Commission, and after the statute of limitations had run on her defamation claim. *See* Dkt. 50.

Now Nawrocki has filed two letters further explaining the extent of her injuries, asking that the court order medical professionals to stop placing incorrect information in her file, and stating that her lawsuit was filed in time because her right-to-sue letter was sent to the wrong address. Dkt. 52 and Dkt. 53. I'll consider these filings to be motions for reconsideration of my dismissal order. But the only issue that belongs in this type of motion is her argument that I was incorrect in stating that her lawsuit was filed too late; this case is not about incorrect information in Nawrocki's medical file.

The problem for Nawrocki is that she merely reiterates her unsuccessful argument in opposing Target's motion to dismiss. Target didn't attempt to argue that the right-to-sue letter was initially sent to Nawrocki's correct address. Rather, it argued that the latest she could have received it was February 18, 2016, because that is the day that Nawrocki submitted it in a lawsuit she filed against Target in the United States District Court for the Eastern District of Wisconsin. Nawrocki's lawsuit was still filed too late after that date. Nawrocki does not address this point, so there is no reason for me to reconsider my decision. I will deny her motions for reconsideration.

As for Nawrocki's appeal, she does not include the $505 filing fee along with her notice of appeal, so I will infer that she seeks leave to proceed in forma pauperis with her appeal. She qualifies from the financial perspective because the court previously granted her leave to proceed in forma pauperis with this lawsuit. But under 28 U.S.C. § 1915(a)(3), a district court may deny a request for leave to proceed in forma pauperis if the appeal is not taken in good faith. This requires me to ask whether any reasonable person could find that Nawrocki's appeal has any merit. *Walker v. O'Brien*, 216 F.3d 626, 632 (7th Cir. 2000). No reasonable person could dispute whether Nawrocki's was untimely, so I will certify that the appeal is not in good faith and I will deny her motion for leave to proceed in forma pauperis on appeal.

Because I am certifying Nawrocki's appeal as not taken in good faith, she cannot proceed without prepaying the $505 filing fee unless the court of appeals gives her permission to do so. Under Federal Rule of Appellate Procedure 24, Nawrocki has 30 days from the date of this order in which to ask the court of appeals to review the denial of leave to proceed in forma pauperis on appeal. With her motion, she must include an affidavit as described in the first paragraph of Fed. R. App. P. 24(a), with a statement of issues that she intends to argue

on appeal. Also, she must send along a copy of this order. Nawrocki should be aware that she must file these documents in addition to the notice of appeal that she has already filed.

If Nawrocki does not file a motion requesting review of this order, the court of appeals might not address the denial of leave to proceed in forma pauperis on appeal. Instead, it may require Nawrocki to pay the entire $505 filing fee before it considers her appeal. If Nawrocki does not pay the fee within the deadline set, it is possible that the court of appeals will dismiss the appeal.

## ORDER

IT IS ORDERED that:

1. Plaintiff Mary Ann Nawrocki's motions for reconsideration of the court's dismissal order, Dkt. 52 and Dkt. 53, are DENIED.

2. Plaintiff's motion for leave to proceed in forma pauperis on appeal, Dkt. 54, is DENIED because the court certifies that the appeal is not taken in good faith.

Entered January 28, 2020.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge